**Natalie A. Bausch, Esq. - SBN 275778**
**Sarah A. Browne, Esq. - SBN 310114**
**BAUSCH LAW GROUP**
**A Professional Corporation**
1247 7th Street, Suite 301
Santa Monica, CA 90401
Telephone: (310) 829-5979
Fax: (310) 828-0367
Email: info@legaladviceca.com

Attorneys for Plaintiffs, CYNTHIA GROESBECK-ROCKWELL AND MARK MCKEEVER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA GROESBECK-ROCKWELL, MARK MCKEEVER,<br><br>             Plaintiffs,<br>    vs<br><br>THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, NEW DIRECTIONS FOR VETERANS, and DOES 1 through 50,<br><br>             Defendants. | CASE No.: __<br><br>**COMPLAINT FOR:**<br>1.  NEGLIGENCE<br>2.  PREMISES LIABILITY<br>3.  FAILURE TO WARN<br>4.  LOSS OF CONSORTIUM<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs, CYNTHIA GROESBECK-ROCKWELL ("Cynthia") and MARK McKEEVER ("Mark") (collectively "Plaintiffs"), by and through their

attorneys hereby state and allege as follows against Defendants THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS ("VA"), NEW DIRECTIONS FOR VETERANS, registered in Los Angeles County ("New Directions"), and DOES 1 through 50 (collectively "Defendants"):

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiffs' claims arising under FTCA, 28 U.S.C §1346(b)(1), pursuant to 28 U.S.C. § 1331. Plaintiffs' state law claims are so related to those under which this Court has original jurisdiction that they form part of the same case and controversy. Supplemental jurisdiction is therefore appropriate over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367. 16.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1391(b), because the events giving rise to the claims made herein occurred in this Judicial District, and Defendants VA and New Directions have their principal place of business within this District.

## PARTIES

3. Plaintiff Cynthia Groesbeck-Rockwell is, and at all times herein mentioned was, an individual residing in the State of California, County of Los Angeles.

4. Plaintiff Mark McKeever is, and at all times herein mentioned was, an individual residing in the State of California, County of Los Angeles.

5. Defendant VA, and at all times herein mentioned was, a Federal agency in the State of California, County of Los Angeles.

6. Defendant New Directions is, and at all times herein mentioned was a

registered business in the State of California, County of Los Angeles.

7. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of court to amend the Complaint to allege the true names and capacities of such Defendants when same is ascertained.

8. Upon information and belief, and at all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things hereinbefore and hereinafter alleged, were acting within the course and scope of such agency.

## GENERAL ALLEGATIONS

9. At all times material hereto, Defendant VA provided Defendant New Directions the use of the building 116 at 11301 Wilshire Blvd, Los Angeles, CA 90073.

10. At all times material hereto, BNI (Business Networking International) Team Builders rented a room from New Directions for their weekly networking meetings.

11. In February of 2017 Cynthia was a member of BNI Team Builders, meeting weekly on Tuesdays at 7AM in Building 116 at 11301 Wilshire Blvd, Los Angeles, CA 90073.

12. On Tuesday, February 21, 2017 just before 7AM Cynthia entered the Building 116 to attend her regular BNI Team Builders meeting. The meeting room was located at the end of the hallway passed the reception desk.

13. Unbeknown to Cynthia, the floor in the hallway was freshly mopped, but any and all clear "wet floor" warning signs were missing. The lobby was occupied by several residents and staff members. Cynthia greeted them and made her way to the reception desk, checked in and proceeded towards the meeting room.

14. After making about two steps, her left foot slid out from under her straight forward hyper-extending her leg and she landed hard on the floor, resulting in injuries and damages hereinafter set forth.

15. On or about February 21, 2017, Defendants, and each of them, owned, possessed, rented, or otherwise controlled the premises located at 11301 Wilshire Blvd, Los Angeles, CA 90073 ("the property").

16. On or about February 21, 2017, Defendants, and each of them, owned, possessed, or otherwise had custody and control over the floor of the lobby at the property.

17. Upon information and belief, on or before February 21, 2017, one of the employees mopped the floor at the property and failed to display any clear warning signs about the wet floor, resulting in injuries and damages hereinafter set forth.

18. Plaintiff Cynthia was injured without contributory negligence or assumption of the risk on her part. Cynthia did not have the opportunity to avoid the accident. Defendants VA and/or New Directions are 100% liable for causing this accident.

## FIRST CAUSE OF ACTION - NEGLIGENCE OF DEFENDANTS

19. Plaintiffs reallege and incorporate by this reference, as if set forth in full, each and every allegation contained in paragraphs 9 through 18, inclusive, as set forth above.

20. On February 21, 2017, Cynthia was walking in the lobby at the property and at all times acted in a reasonable and prudent manner. Defendants VA and New Directions and each of their employees, agents and servants failed and neglected to display an adequate warning sign after mopping the lobby floor. It is reasonable to expect that an employee will put up a clear wet floor sign when a floor is wet or being mopped to warn unsuspecting people walking on the wet floor

surface.

21. When mopping a floor, the cleaning solution mixed with water is often clear (translucent) in substance and it is not reasonable for people walking on the freshly mopped floor to expect it to be wet as they cannot readily see the liquid without a prominently placed caution wet surface/floor warning sign. In the instant case the Defendants were negligent and did not act reasonably under the circumstances.

22. Defendants, acting through their employees, agents and servants, breached their duty and failed to exercise reasonable care, therefore creating a dangerous condition, and are negligent in the following regards:

   A. Failing to exercise reasonable care in maintaining and operating Building 116 in a safe and proper manner so as to prevent the foreseeable risk of harm to its guests.

   B. Failing to provide experienced and adequately trained cleaning personnel with knowledge of the safety requirements and practices that would prevent risk of injuries such as occurred to Cynthia.

   C. Failing to provide adequate warning signed to caution guests about the floor being wet.

23. All acts as alleged to have been done by the employee, agent or servants of the Defendants, and were done within the scope of their duties of employment, contract, agency, or apparent agency.

24. All acts complained of herein were authorized, participated in, or ratified by the Defendants or their administrators, managers, supervisors, officers, or directors.

25. The employees of Defendants VA and/or New Directions, who were agents and/or employees of said Defendants were acting within the scope and course of their employment. Ergo, Defendants' are liable under the theory of vicarious liability.

26. Under California Respondeat Superior law an employer can be held vicariously liable for its employees' negligence. Respondeat Superior applies when: an employee is acting within the ordinary scope of his or her employment, and as a result of employee's wrongful actions, someone is injured.

27. Defendants VA and/or New Directions employee(s) responsible for leaving the wet floor without an adequate warning sign and creating a dangerous condition acted in their official capacity as an employee for the Defendant(s).

28. Defendant VA and/or New Directions which employed and oversaw their employees and are likewise vicariously liable and responsible for all negligence of its employee(s) and all resulting injuries to Cynthia.

29. All injuries and damages suffered by Cynthia were directly and proximately caused by the negligence of Defendants VA and/or New Directions' employee(s), and/or agent(s), and/or servant(s).

30. As a direct and proximate result of the negligent conduct as described above, Cynthia suffered pain, anguish and discomfort and experienced mental suffering caused by fear for her safety. Cynthia sustained injuries to her person and nervous system, all of which injuries have caused, and continue to cause, her great mental, physical, and emotional pain and suffering. Her physical suffering includes, but is not limited to, multiple surgeries as a result of this accident. Upon information and belief, she will continue to suffer pain, agony and mental anguish in the future, the sum equivalent of which will be determined as may be proven at trial of this cause.

31. As a further direct and proximate result of the negligent acts of the Defendants, or their agents, employees or servants, Cynthia incurred and became responsible for medical expenses including the costs of urgent care, various hospital and medical providers, surgeries, post-op care, physical therapies, diagnostic studies, rehabilitative and retraining services, all in a sum in excess of one hundred thousand dollars, with nearly $30,000 of out-of-pocket medical

expenses, and, as she is informed and believes, she will in the future incur medical, physical therapy, rehabilitative services expenses for care and treatment of her injuries, and the consequences thereof in a sum as may be proven at the trial of this cause.

32. As a further direct and proximate result of the negligent acts of the Defendants, or their agents, employees or servants, Cynthia, who has been working in the banking industry for many years and at the times material hereto, has been working as a mortgage loan specialist with US Bank lost income and earning capacity on a permanent basis, all to her damage in such a sum as may be proven at the trial of this cause.

33. As a further direct and proximate result of the negligent acts of the Defendants, or their agents, employees or servants, Cynthia, has lost her ability to fully perform household services in the past and has lost her ability to perform household services in the future on a permanent basis, all to her damage in such a sum as may be proven at the trial of this cause.

34. As a further direct and proximate result of the negligent acts of the Defendants, or their agents, employees or servants, Cynthia, has incurred hedonic damages and has lost the enjoyment and quality of life, and she is informed and believes, will on a permanent basis, all to her damage in such a sum as may be proven at the trial of this cause.

**WHEREFORE**, Plaintiff Cynthia prays for Judgment in her favor and against the Defendants as follows:

    A. For such compensatory damages occasioned by the negligent conduct of Defendants as may be proven at the trial of this cause;

    B. For her past and future medical expenses incurred and to be incurred;

    C. For her past and future loss of earnings and earning capacity;

D. For her lost household services;

E. For her loss of enjoyment and quality of life;

F. For her costs of suit incurred herein;

G. For pre-judgment and post-judgment interest, at the rate allowed by law, on all such amounts awarded from the date of filing this Complaint and after judgment is entered; and

H. For such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION - PREMISES LIABILITY

35. Plaintiffs reallege and incorporate by this reference, as if set forth in full, each and every allegation contained in paragraphs 9 through 34, inclusive, as set forth above.

36. The owner of property is under a duty to exercise ordinary care in the use, maintenance, or management of such premises in order to avoid exposing persons to an unreasonable risk of harm. Defendants and/or their agents/ employees breached its duty of ordinary care to business invitees by not properly maintaining the premises and by either creating or allowing a dangerous condition(s), an unmarked wet floor to exist and leading to injury. There were no warnings regarding this dangerous condition.

37. At the above time and place, Defendants, and each of them were in violation of the aforesaid duty to exercise ordinary care in that Defendants and each of them, owned, possessed, rented, or otherwise controlled the premises with the unmarked wet floor that caused injuries alleged herein.

38. As a proximate result of the conduct as described above, Cynthia suffered pain, anguish and discomfort and experienced mental suffering caused by fear for her safety. Cynthia sustained injuries to her person and nervous system, all of which injuries have caused, and continue to cause, her great mental, physical,

and emotional pain and suffering. Her physical suffering includes, but is not limited to, multiple surgeries as a result of this accident. As a result thereof, plaintiff has suffered general damages in an amount according to proof. Upon information and belief, she will continue to suffer pain, agony and mental anguish in the future, the sum equivalent of which will be determined as may be proven at trial of this cause.

**WHEREFORE**, Plaintiff Cynthia prays for Judgment in her favor and against the Defendants, as follows:

   A. For such compensatory damages occasioned by the premises liability of the Defendants as may be proven at the trial of this cause;
   B. For her costs of suit incurred herein;
   C. For pre-judgment and post-judgment interest, at the rate allowed by law, on all such amounts awarded from the date of filing this Complaint and after judgment is entered; and
   D. For such other and further relief as the Court deems to be just and proper.

### THIRD CAUSE OF ACTION - FAILURE TO WARN

39. Plaintiffs reallege and incorporate herein by this reference, as if set forth in full, each and every allegation contained in paragraphs 9 through 34, inclusive, as set forth above.

40. Defendants are liable under Willful Failure to Warn [Civil Code Section 846]. Defendants VA and New Directions, the property owner and user respectfully, and willfully or maliciously failed to guard or adequately warn against

a dangerous condition, use, structure or activity. They allowed this dangerous condition to exist.

41. Additionally, the dangerous condition existed for enough time that Defendants VA and New Directions acquired actual and/or constructive notice of such condition, and Defendants failed to correct or warn Cynthia of the existence of such condition, which Defendants and their agents/employees negligently and carelessly failed and neglected to do. The receptionist was upset and told another individual he has told the guys 'not to mop on Tuesday mornings' as people are coming for the meeting. This proves that they had notice of the dangerous condition. Such condition included, but is not limited to, a dangerous and/or unsupervised, wet floor with no adequate warning/caution sign in the middle of the lobby at the property, premises and/or building. Defendant's failure to adequately display proper warning sign(s) for the wet floor on the premises makes them fully liable for Cynthia's injuries.

42. As a proximate result of the conduct as described above, Cynthia suffered pain, anguish and discomfort and experienced mental suffering caused by fear for her safety. She sustained injuries to her person and nervous system, all of which injuries have caused, and continue to cause, her great mental, physical, and nervous pain and suffering. Her physical suffering includes, but is not limited to, multiple surgeries as a result of this accident. As a result, Cynthia has suffered general damages in an amount according to proof. Upon information and belief, she will continue to suffer pain, agony and mental anguish in the future, the sum equivalent of which will be determined as may be proven at trial of this cause.

**WHEREFORE**, Plaintiff Cynthia prays for Judgment in her favor and against the Defendants, as follows:

    A. For such compensatory damages occasioned by the failure to warn by the Defendants as may be proven at the trial of this cause;

B. For her costs of suit incurred herein;

C. For pre-judgment and post-judgment interest, at the rate allowed by law, on all such amounts awarded from the date of filing this Complaint and after judgment is entered; and

D. For such other and further relief as the Court deems to be just and proper.

## FOURTH CAUSE OF ACTION – LOSS OF CONSORTIUM

43. Plaintiffs reallege and incorporate herein by this reference, as if set forth in full, each and every allegation contained in paragraphs 9 through 34, inclusive, as set forth above.

44. Plaintiff Cynthia was very seriously injured and therefore cannot provide her domestic partner and Plaintiff Mark with the same love, affection, companionship, comfort, society, or sexual relations that were provided before the accident. Plaintiff Mark is the domestic partner of Plaintiff Cynthia has a claim against Defendants for those losses.

45. As a direct and proximate result of the negligent acts of the Defendants as aforementioned, Plaintiff Mark has lost the society, companionship and relational interests with the Plaintiff Cynthia.

**WHEREFORE**, Plaintiff Mark prays for judgment against Defendant(s) as follows:

A. For compensatory damages occasioned by the loss of consortium;

B. For the cost of suit incurred herein;

C. For pre-judgment and post-judgment interest, at the rate allowed by law, on all such amounts awarded from the date of filing this Complaint and after judgment is entered; and

D. For such other relief as the Court may conclude to be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs Cynthia Groesbeck-Rockwell and Mark McKeever hereby demand a jury trial on all issues.

                          Respectfully Submitted,

Dated: 05/30/2018        BAUSCH LAW GROUP

By: *N. Bausch*
Natalie A. Bausch
Attorneys for Plaintiffs, Cynthia Groesbeck-Rockwell and Mark McKeever

CV-126 (09/09)
COMPLAINT
Page 12